# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JIM RICE,<br>   Petitioner,<br> v.<br>EUGENE BERDANIER,<br>   Respondent. | No. 1:20-CV-02007<br><br>(Judge Rambo) |

## MEMORANDUM OPINION

### I. BACKGROUND

Petitioner Jim Rice filed *pro se* this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, while confined at the Schuylkill County Prison in Pottsville, Pennsylvania. (Doc. 1.) This matter was originally filed in the U.S. District Court for the Eastern District of Pennsylvania, which transferred the petition to this Court due to the location of Petitioner's incarceration. (Doc. 3.) Upon receipt of the petition in this district, the Court issued its standard *pro se* letter as well as an administrative order directing Petitioner to either pay the filing fee or to submit an application to proceed *in forma pauperis*. (Docs. 6, 7.) Since then, the Court's attempts to communicate by mail with him have been returned as undeliverable and marked "Return to Sender" and "Unable to Forward." (*See* Docs. 9, 10.) It appears that Petitioner no longer resides at his address of record.

## II.   DISCUSSION

Middle District of Pennsylvania Local Rule 83.18 provides that a *pro se* litigant has an affirmative obligation to keep the Court informed of his or her address and must immediately inform the Court if his or her address changes during the court of the litigation. Petitioner was advised of this obligation in the *pro se* letter issued by the Court, which provides that "*Pro Se* plaintiffs and petitioners are advised that they have an affirmative obligation to keep the court informed of his or her current address. If the plaintiff/petitioner changes his or her address while the lawsuit is being litigated, the plaintiff/petitioner shall immediately inform the court of the change in writing."[1] (Doc. 6.) Although Petitioner has apparently relocated from his original address of record, he has failed to provide this Court with his current address in violation of the requirements of Local Rule 83.18, and the Court is unable to discern where Petitioner may be located.

When a petitioner fails to prosecute a case or comply with an order of court, dismissal of the action is appropriate. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). Petitioner's present whereabouts are unknown, and he has not communicated with the Court since he first filed the

---

[1] Petitioner received a similar "Notice of Guidelines for Representing Yourself," issued by the Eastern District of Pennsylvania, which requires a *pro se* litigant to notify the Court of any change of address within fourteen (14) days. (*See* Doc. 2.)

petition.[2] Petitioner's failure to provide his current address has prevented the Court from communicating with him and this matter from proceeding.

Based on these circumstances, the Court concludes that Petitioner is no longer interested in pursuing the grounds of relief in his petition. Accordingly, it would be a waste of judicial resources to allow this matter to continue. The Court's inability to communicate with Petitioner is solely the result of his own inaction and renders ineffective any sanction short of dismissal. *See Poulis v. State Farm*, 747 F.2d 863, 868-69 (3d Cir. 1984).

### III. CONCLUSION

For the foregoing reasons, this Court will dismiss this action for failure to prosecute. In the event that Petitioner provides the Court with his current address within a reasonable period of time, this determination may be reconsidered.

An appropriate Order follows.

s/Sylvia H. Rambo
United States District Judge

Dated: November 16, 2020

---

[2] Petitioner has also not paid the filing fee or submitted an application for leave to proceed *in forma pauperis*.